IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RITA M. BROTON,

                Plaintiff,

    v.                                      Civil Action No.
                                              5:16-CV-0262 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP             HOWARD D. OLINSKY, ESQ.
300 S. State Street                   MARISA BURKETT, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     OONA PETERSON, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on December 8, 2016, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: December 27, 2016
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
RITA M. BROTON,


vs.                                              16-CV-262

CAROLYN W. COLVIN, Acting Commissioner of Social Security.
------------------------------------------------------x
```

Transcript of DECISION held on December 8, 2016, at the James Hanley U.S. Courthouse, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.


A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff:<br>(Via Telephone) | OLINSKY LAW GROUP<br>300 S. State Street<br>Suite 420<br>Syracuse, New York 13202<br>  BY:  MARISA BURKETT, ESQ. |
| For Defendant:<br>(Via Telephone) | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278<br>  BY:  OONA PETERSON, ESQ. |

1   (In chambers, via telephone:)

2   THE COURT: Thank you, both for excellent
3   presentations.

4   I have before me a request for judicial review of
5   an adverse determination by the acting commissioner pursuant
6   to 42, United States Code, Section 405(g).

7   The background is as follows. Plaintiff was born
8   in December of 1967. She is 5 foot 4 inches in height and
9   has weighed as much as 310 pounds and sometimes more and
10  sometimes less. She's married but has no dependent children.
11  She lives in a house. She has an 11th grade education. She
12  left high school to go to work.

13  She is a certified nursing assistant and has worked
14  in that field at Van Duyn, a local facility, for 18 and a
15  half years. She left that facility in January of 2007.

16  The plaintiff suffers from a variety of diagnosed
17  medical conditions, including diabetes and hyperglycemia,
18  asthma, and some other conditions, as well. She's,
19  obviously, obese, in addition.

20  The plaintiff developed asthma in 2001 and was
21  taken from work to the Community Hospital emergency room.
22  Some of the symptoms associated with her asthma include a
23  development of sinus infections, coughing, vomiting. She
24  experiences asthma when exposed to certain irritants,
25  including cleaning supplies, perfume and other similar

1 irritants.

2 She has been treated over 20 years by Dr. Robert
3 Polachek. She has also received treatment from Dr. Richard
4 Evans, an expert in pulmonology; although, he apparently
5 closed his office in or about 2009. Her diabetes has been
6 treated, among others, by nurse practitioner Lynn Cahill-Hoy.

7 The procedural history of this case is as follows:
8 The plaintiff filed an application for disability benefits
9 under Title II of the Social Security Act on February 4,
10 2009, alleging an onset date of January 11, 2007.

11 The matter was assigned to Administrative Law Judge
12 John Ramos who conducted a hearing on February 25, 2011,
13 after adjourning prior sessions without taking testimony.

14 On March 7, 2011, ALJ Ramos issued a decision
15 denying benefits and finding that plaintiff was not disabled
16 at the relevant times.

17 The Social Security Administration Appeals Council
18 denied review of that decision on July 31, 2012.

19 An action was commenced in this court by the
20 plaintiff resulting in a remand on stipulation on January 3,
21 2014.

22 Following that remand, the Social Security
23 Administration Appeals Council vacated the prior decision and
24 issued an order on February 6th, 2014, providing instructions
25 to the administrative law judge for consideration on remand.

         There was a second Title II application filed on September 16, 2013, and that was consolidated into this proceeding.

         On May 14, 2014, a second hearing was conducted by ALJ Ramos. He issued a second decision on August 4, 2014, again finding that plaintiff was not disabled at the relevant times.

         Social Security Administration Appeals Council denied review on February 2, 2016, making this a final determination of the agency.

         In his decision, ALJ Ramos at Step 2 concluded that plaintiff suffers from -- after concluding she had not engaged in substantial gainful activity since her alleged onset date, concluded that she suffers from reactive airways disease/asthma, obesity and diabetes mellitus as severe conditions at Step 2, rejecting plaintiff's back pain and lumbar spine conditions and, also, Hodgkin's Lymphoma.

         The ALJ then concluded at Step 3 that plaintiff's conditions did not meet or medically equal any of the listed presumptively disabling conditions, including considering 3.03 related to asthma and 9.08 related to diabetes mellitus.

         After surveying the record, the ALJ concluded that the plaintiff retains the residual functional capacity to perform sedentary work with limitations, including, pertinently, to this proceeding. The claimant should avoid

1  exposure to fumes and other respiratory irritants and
2  extremes of temperature or humanity.
3      Applying that RFC finding, the ALJ Ramos concluded
4  that plaintiff is unable to perform her past relevant work as
5  a nurse's aide and, after eliciting the testimony of a
6  vocational expert, concluded that she is capable of
7  performing work in the national economy, including as a
8  surveillance system mopper, a circuit board assembler, and a
9  table worker.  He therefore, concluded that she was not
10 disabled at the relevant times and not entitled to benefits.
11     As you know, my the scope of review in this matter
12 is narrow.  My task is limited to determining whether
13 substantial evidence supports the finding of the agency and
14 that correct, legal principles were applied.  It is a very
15 deferential standard.
16     The first argument made is that the remand order
17 was not followed and I agree with that in a couple of
18 respects.  First, I think it's clear from the Social Security
19 Appeals Council's order, including at 560 and 561, that the
20 Appeals Council was looking for something very definitive
21 when it comes to environmental restrictions that would be
22 incorporated into an RFC finding and, thereafter, presented
23 to a vocational expert for a determination of whether, with
24 those limitations, plaintiff could perform work available in
25 the national economy.

Broton v. Colvin - 16-CV-262

1  It, also, very clearly indicates that a better
2  rational should be given for rejection of Dr. Polachek's
3  opinions as a treating physician, even though it's clear he's
4  not a specialist. But, nonetheless, he is a treating
5  physician, treated plaintiff for 20 years and his opinions
6  are controlling, unless they are not supported by medically
7  accepted clinical and laboratory diagnostic techniques or
8  inconsistent with other substantial evidence, in which case,
9  that should have been explained.
10  In this case, the rejection of Dr. Polachek's
11  opinions concerning irritants, including dust fumes,
12  perfumes, humidity and so forth was not explained and, more
13  importantly, his opinion about absence more than four days
14  per month and a similar opinion by Nurse Practitioner
15  Cahill-Hoy are not referenced and are not explained by -- are
16  not discussed by the administrative law judge. But, clearly,
17  they were rejected because the vocational expert testified
18  that, with absences of more than four days per month, there
19  would be no jobs in the national economy that plaintiff could
20  perform. That's at Page 523 of the administrative
21  transcript.
22  So, in my view, the decision is flawed for those
23  reasons and the Step 5 determination is, therefore, flawed
24  because it is based on faulty residual functional capacity.
25  So, I have searched the record and, although this

1  case has a tortured history, I am not able to say with a
2  hundred percent conviction that there is overwhelming
3  evidence of disability.  And, so, I am not going to make a
4  directed finding of disability.
5       Instead, I'm going to grant judgment on the
6  pleadings to plaintiff remanding the matter for further
7  proceedings in connection with both my decision and the
8  remand order from the Social Security Administration Appeals
9  council.
10      Thank you both, again, for excellent presentations.
11 I hope you have a wonderful holiday.
12           MS. BURKETT:  You, too.  Thank you, your Honor.
13           MS. PETERSON:  Thank you, your Honor.
14           (Proceedings adjourned, 2:26 p.m.)
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N


        I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.


                                                           */s/ Diane S. Martens*
                                                     DIANE S. MARTENS, FCRR