IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF NEW YORK
_____

RITA M. B.,

                  Plaintiff,
     v.                                    Civil Action No.
                                            5:16-CV-0262 (DEP)

NANCY A. BERRYHILL,[1] Acting Commissioner
of Social Security,
                  Defendant.
_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
300 S. State Street                   MARISA BURKETT, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH         JOANNE JACKSON PENGELLY
United States Attorney             ESQ.
Northern District of New York     OONA M. PETERSON, ESQ.
P.O. Box 7198                         Special Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1]     Carolyn W. Colvin, the former Acting Commissioner of Security, was replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn W. Colvin was sued in this action only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn W. Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# DECISION AND ORDER

Plaintiff Rita M. B. initiated this action in 2016, seeking judicial review of a determination by the Acting Commissioner of Social Security ("Acting Commissioner"), in which she denied plaintiff's application for Social Security benefits. Having succeeded in this court, and on remand before the Social Security Administration, resulting in an award of past due benefits to plaintiff, her counsel now seeks an order, pursuant to 42 U.S.C. § 406(b), awarding him fees in the amount of $25,611.50, conditioned upon his return to the plaintiff of $7,900 previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the motion of plaintiff's counsel, which the Acting Commissioner has not actively opposed, will be granted.[2]

I. BACKGROUND

Plaintiff commenced this action on March 4, 2016, pursuant to 42 U.S.C. § 405(g), to challenge a final determination by the Acting Commissioner denying her application for disability insurance benefits

---

[2] In her response to the fee application, the Acting Commissioner has raised an issue regarding its timeliness, but defers to the court's discretion with respect to both that question and the reasonableness of the amount sought.

under Title II of the Social Security Act. Dkt. No. 1. That denial was the result of an adverse decision, following a hearing, by Administrative Law Judge John Ramos, issued on March 7, 2011, Dkt. No. 9 at 14-31, and a subsequent decision of the Social Security Administration Appeals Council denying plaintiff's request for review of that determination. *See generally* Dkt. No. 9. Following the submission of the record of the administrative proceedings before the agency, briefing by the parties, and oral argument, I granted plaintiff's motion for judgment on the pleadings. Dkt. Nos. 9, 10, 11, 15. Specifically, at the close of oral argument on December 8, 2016, I issued a bench decision in which I concluded that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence. Dkt. No. 15 at 2. That bench decision was memorialized in an order dated December 27, 2016, directing that the matter be remanded to the agency pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 15. Judgment was subsequently entered, also on December 27, 2016, returning the matter to the Acting Commissioner and closing the case. Dkt. No. 16.

On February 22, 2017, following the remand, plaintiff's counsel, Howard D. Olinsky, Esq., filed a motion for an award of costs and attorney's fees, pursuant to the EAJA. Dkt. No. 17. In that application,

counsel sought recovery for (1) 38.7 hours of attorney work performed between 2016 and 2017, to be compensated at an hourly rate of $195.61; and (2) 6.7 hours of administrative work, to be compensated at a rate of $100 per hour. Dkt. No. 17-1 at 2. The total amount sought was $8,240.11. *Id.* An order was subsequently issued on March 17, 2017, based upon a stipulation of the parties, directing payment of fees under the EAJA to plaintiff's attorney in the amount of $7,900. Dkt. Nos. 20, 21.

As a result of the further administrative proceedings ordered by the court, following remand, ALJ Jennifer Gale Smith issued a decision on February 5, 2018, finding that the plaintiff was disabled at the relevant times. Dkt. No. 22-2. A Notice of Award, dated May 9, 2018, was subsequently sent by the Acting Commissioner to the plaintiff, advising her that past due benefits were being awarded in the amount of $102,446.00 for the period December 2010 through April 2018. Dkt. No. 22-4.

On September 14, 2018, four months later, Attorney Olinsky filed a motion seeking an additional award of attorney's fees, pursuant to 42 U.S.C. § 406(b), based upon the favorable result achieved before the agency and his retainer agreement, under which plaintiff agreed to compensate his firm to the extent of twenty-five percent of past due benefits awarded, in the event of a favorable decision. *See* Dkt. No. 22-3.

In his request, Attorney Olinsky now seeks a total recovery of $25,611.50 for the 45.40 hours of work performed by his firm.[3] Dkt. No. 22-1 at 2. Plaintiff's counsel has agreed to return the $7,900 previously paid in connection with the EAJA application to the plaintiff if his current request is granted. Dkt. No. 22-1 at 3.

In response to Attorney Olinsky's application, the Acting Commissioner, through her counsel, advises that she does not oppose the application, noting that it is the court's responsibility to insure that the requested relief is reasonable and does not result in an improper windfall to counsel. Dkt. No. 24. However, she does observe that approximately four months elapsed between the Notice of Award, dated May 9, 2018, and the fee application of September 14, 2018, but concedes that the law

---

[3]   Plaintiff's counsel acknowledges that the 45.40 hours represents time collectively expended by attorneys, paralegals, and other staff with the firm. Dkt. No. 22-1 at 3. The ledger submitted by plaintiff's counsel lists the time spent by all personnel with Attorney Olinsky's firm, without indicating which time keepers are attorneys, and which are paralegals, or support staff. Dkt. No. 22-5.

According to that ledger, at least 2.4 hours were expended by Shannon Persse and 0.6 hours were expended by Michael P. Smith, both of whom appear to have been employed as paralegals by Attorney Olinsky's firm. *See, e.g., Stroud v. Comm'r of Social Sec. Admin.*, 2015 WL 2114578, at *3 (S.D.N.Y. Mar. 24, 2015) (observing that "Ms. Persse and Mr. Smith are paralegals"). In addition, Michelle Callahan, who appears to have worked for the firm as part of its support staff, is reported to have expended 3.7 hours in connection with this matter.

within the Second Circuit is unsettled with respect to the timing of a motion pursuant to 42 U.S.C. § 406(b). *Id.* 3-5.

In response to the Acting Commissioner's brief and at the request of this court, Attorney Olinsky has submitted supplemental briefing on the issue of timeliness. Dkt. Nos. 26, 27. In it, Attorney Olinsky notes the lack of any definitive guidance from the Second Circuit or the Acting Commissioner concerning when such motions must be made, and that other circuit courts are split concerning the issue. Dkt. No. 27. While acknowledging contrary cases from within the Second Circuit, Attorney Olinsky urges the court to reject the fourteen-day rule invoked by some courts under Rule 54(d) of the Federal Rules of Civil Procedure, and to instead analyze the matter under Rule 60(c)(1), which provides that such an application may be made within a reasonable time, in this case after the Acting Commissioner's decision awarding benefits.

II.     DISCUSSION

   A.     Timeliness

A threshold issue to be addressed is whether the instant application is timely, or whether the four-month delay between issuance of the Notice of Award and Attorney Olinsky's motion should preclude his recovery of attorney's fees.

The Second Circuit has not squarely addressed the question of what standard should govern the timeliness of a motion brought pursuant to section 406(b). The Third, Fifth, and Eleventh Circuits have applied Rule 54(d)(2) of the Federal Rules of Civil Procedure to such applications, requiring that they be filed within fourteen days after the entry of judgment. *See Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 452 (W.D.N.Y. 2018) (citing cases).[4] Other courts, including the Tenth Circuit, consider such an application to brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, requiring that the application be made within a reasonable time after the Commissioner's decision awarding benefits. *See, e.g. McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir 2006); *see also Geertgens v. Colvin*, No. 13 Civ. 5133, 2016 WL 1070845, at *2-3 (S.D.N.Y. Mar. 15, 2016).

In *McGraw*, the court noted that it was "uncomfortable" applying the fourteen-day rule as delineated in Rule 54(d) because of its impracticality as applied in Social Security cases, questioning whether the fourteen-day

---

[4] To address the reality that an award of past due benefits is a condition precedent to a section 406(b) application and invariably a motion filed within fourteen days of the entry of judgment would therefore be premature courts, including the Third Circuit, have applied equitable tolling for the period between the entry of judgment and the issuance of a notice of award and required that the application be made within fourteen days of notification of the Notice of Award. *See, e.g., Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010).

7

period was triggered by the court's sentence four-remand or instead the ultimate Notice of Award of past-due benefits. *McGraw*, 450 F.3d at 504-05. That court therefore chose to apply Rule 60(b)(6), which provides in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding" for any "reason that justifies relief". *McGraw*, 450 F.3d at 505. The *McGraw* court determined that substantial justice would be served by using this method of determining the timeliness of social security attorney's fee motions. *Id.*

The lower courts within this circuit have split concerning this issue. Two courts have applied Rule 54(d), subject to the tolling adopted by the Third Circuit in *Walker* and similar cases. *See Grace v. Berryhill*, No. 1:11-CV-09162, 2018 WL 1940420 at *1 (S.D.N.Y. Apr. 23, 2018); *Sinclair v. Berryhill*, 305 F. Supp. 3d 448, 452-59 (W.D.N.Y. 2018).[5] Other courts from this circuit have applied a reasonableness standard. *See, e.g., Geertgens*, 2016 WL 1070845, at *2-3; *see also Garland v. Astrue*, 49 F. Supp. 2d 216 (E.D.N.Y. 2007) (assuming *arguendo* that the Rule 60(b)(6) reasonableness standard would apply, but concluding that the delay from

---

[5] The decision of District Judge Elizabeth Wolford from the Western District of New York in *Sinclair* is currently on appeal before the Second Circuit, and will likely provide guidance from that court concerning the issue. It should be noted that the attorney fee application rejected by the court as untimely in *Sinclair* was made by the Olinsky Law Group, which represents the plaintiff in this action.

February 28, 2006, when the Notice of Award was sent, in December 8, 2006, when the fee application was made, was unreasonable).

As can be seen, there is no clear, definitive guidance or consensus concerning the issue, and judges from within this district have not enforced Rule 54(d) in connection with such applications. For example, in *Goff v. Commissioner*, No. 15-CV-1058, 2018 WL 546890 (N.D.N.Y. Jan. 22, 2018), a fee application filed on December 20, 2017 by the Olinsky Law Group was granted despite the fact the corresponding Notice of Award was dated June 21, 2017, nearly six months prior to the application. *Goff v. Commissioner*, Dkt. No. 5:15-CV-1058, Dkt. No. 13-1 at 2; *see also Brown v. Berryhill*, No. 6:15-CV-744, 2018 WL 2253126 (N.D.N.Y. May 17, 2018) (approving an application for fees filed February 16, 2018 when the Notice of Award was dated October 24, 2017); *Brown v. Berryhill*, No. 5:15-CV-1000, 2017 WL 2929470 (N.D.N.Y. Jul. 10, 2017) (approving an application for fees filed May 18, 2017 when the Notice of Award was dated March 27, 2017).

I note, moreover, even in those jurisdictions where Rule 54(d) is enforced, advanced notice has been provided to practitioners of this requirement. In the Eleventh Circuit, for example, a court judgment remanding a case to the Commissioner typically would include within it a

notice regarding the time limit within which fee applications must be made "[b]ased on the status of the law and in abundance of caution [.]" *Cooper v. Astrue*, No. 2:07CV710, 2008, WL 2945551, at *2 (N.D. Ala. July 29, 2008); *see also Clarke v. Astrue*, No. 8:09-CV-00888-T-17, 2012 WL 570345, at *1 (N.D. Fla. Feb. 22, 2012)("the best practice for avoiding confusion . . . is for the plaintiff to request, and the district court to include, in the remand judgment a statement that attorney's fees may be applied for within a specified time after the determination of past due benefits by the Commission.") One district court within the Eleventh Circuit has adopted a uniform standing order providing guidance on time limitations normally allowing thirty days, rather than fourteen. *See Cuebas v. Astrue*, No. 5:06-CV-144, 2010 WL 1931102, at *4 (M.D. Ga. May 12, 2010).

In light of the uncertainty and marked split of authority surrounding the issue, and the lack of definitive guidance from the Second Circuit, I find that if the fourteen-day limit of Rule 54(d) is found to apply, Attorney Olinsky's delay in submitting the application beyond that period was the result of excusable neglect, within the meaning of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and therefore will not deny his application on the basis of untimeliness. *See Rabenda v. Colvin*, No. 15-CV-3449, 2018 WL 3178159, at *1 (S.D.N.Y. June 28, 2018).

B. <u>Merits</u>

Counsel's application is made pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> (b) Fees for representation before court
>
> > (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). As the Supreme Court has noted, section 406(b) does not supplant contingency fee arrangements, such as that entered into between plaintiff and her attorney, but does require the court to engage in an independent analysis to assure that the result dictated by the contingency arrangement is reasonable given the circumstances of the particular case at hand. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

In awarding attorney's fees under section 406(b) where there is an underlying contingency fee agreement, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). That reasonableness inquiry is informed by several factors, including whether (1) there is evidence of fraud, (2) the attorney was ineffective or caused unnecessary delay, and (3) the fee would result in a windfall to the attorney in relation to the services provided. *Schiebel v. Colvin*, No. 14-CV-0739, 2016 WL 7338410, at *2 (N.D.N.Y. Dec. 19, 2016) (Kahn, J.) (citing *Wells*, 907 F.2d at 372) (other citations omitted). Courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989). "If the attorney is responsible for delay," or "[i]f benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808. In short, if counsel's representation does not warrant recovery of the amount agreed upon, the court may reduce the award.

In this case, there is no evidence of fraud. Moreover, the efforts of Attorney Olinsky's firm proved effective in challenging the Acting

Commissioner's denial of benefits, and there is no suggestion that he or his firm delayed in his representation of plaintiff.

One focus of the court's evaluation of the pending request is upon whether the requested fee would result in a windfall to plaintiff's counsel. In determining whether compensation pursuant to a retainer agreement would result in a windfall to counsel, the court considers whether (1) the attorney's efforts were successful for the plaintiff; (2) there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate, but rather arguments involving issues of material fact and research; and (3) the case was handled efficiently due to the attorney's experience in handling Social Security cases. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

The effective hourly rate associated with Attorney Olinsky's fee application gives the court brief pause. Although cases addressing applications made under such fee shifting statutes as 42 U.S.C. § 1988, for example, are not directly applicable, the rate at which recovery is now sought is slightly higher than the hourly rates typically applied by this court to applications filed under those fee-shifting statutes.[6] *See, e.g., Stevens*

---

[6] The lodestar method of calculating attorney's fees does not apply in the context of awarding fees under 42 U.S.C. § 406(b). *Gisbrecht*, 535 U.S. at 806; *see also Wells*, 907 F.2d at 371 ("[T]he traditional lodestar method borrowed from the fee shifting

*v. Rite Aid Corp.*, No. 13-CV-0783, 2016 WL 6652774, at *3 (N.D.N.Y. July 6, 2016) (McAvoy, J.) ("Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (quotation marks omitted)). Those types of fee-shifting provisions, however, under which a losing party can be required to pay attorney's fees to a prevailing party, are distinct from the statute under which Attorney Olinsky's current application is made, permitting plaintiffs to enter into contingency fee agreements with lawyers willing to take their cases. Allowing for such arrangements that, as is the case in this instance, result in recovery of fees at effective rates higher than ordinarily sanctioned in fee-shifting cases, serves an important purpose of encouraging lawyers to agree to represent Social Security claimants, many of whom are of limited resources.

With respect to the first and second windfall factors, I have reviewed plaintiff's twenty-five-page brief to the court, and finds that it was capably prepared. *See* Dkt. No. 10. Attorney Olinsky's efforts were undeniably successful because plaintiff, whose application for benefits was initially

---

context is not appropriate for evaluating a reasonable fee to be paid by the client in a Social Security case where there is a contingent fee agreement.").

denied, secured a recovery of past due benefits as a result of his counsel's representation. Addressing the third factor, the court is familiar with and acknowledges Attorney Olinsky's skill and legal experience in Social Security cases.

In determining whether the requested fee would result in a windfall, the court must also examine the effective hourly rate associated with the application. Here, Attorney Olinsky seeks a total recovery of $25,611.50 for the 45.40 hours of work performed by attorneys and paralegals at his firm. Dkt. No. 22-1 at 2-3. The contemporaneous time records submitted in support of the application reveal that 38.7 hours were expended by attorneys, while 6.7 hours were expended by paralegals and other support staff. Dkt. No. 22.5 If the court considers the entire section 406(b) request of $25,611.50, the blended hourly rate for combined counsel paralegal time would be approximately $564.13 per hour (i.e., $25,611.50 / 45.40 hours).[7] Deducting the cost of 6.7 hours of paralegal time at the reported

---

7     Counsel for the Acting Commissioner presumes that the effective hourly rate is $564.13 and does not comment on how paralegal work should be compensated under section 406(b). *See generally* Dkt. No. 24. Courts from other districts have reached varying conclusions regarding this question. *See e.g.*, *Chandler v. Sec'y of Dep't of Health and Human Serv.*, 792 F.2d 70, 73 (6th Cir. 1986) (noting that an attorney can bill for paralegal time but only at paralegal rates under section 406(b)); *Smith v. Astrue*, No. 06-883, 2009 WL 649192, at * 3 (C.D. Cal. Mar. 9, 2009) (concluding that fees may be awarded for paralegal work under section 406(b) when the paralegal performs work that would otherwise be handled by an attorney and that are ordinarily billed separately to the client); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-1366 (N.D. Ga. 2005)

EAJA hourly rate of $100, *see* Dkt. No. 17-1 at 2, then the effective hourly rate for attorney time would increase to approximately $644.48 per hour.

While either hourly rate is no doubt considerable, both nonetheless fall well within the range of rates recently approved by courts in this district and elsewhere in the Second Circuit when analyzing applications under 42 U.S.C. § 406(b). *See, e.g. Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2-*3 (W.D.N.Y. Jul. 10, 2018) (approving an effective hourly rate of $1,000); *Cieslik v. Berryhill*, No. 14-CV-430-A, 2018 WL 446218, at *3 (W.D.N.Y. Jan. 17, 2018) (approving an effective hourly rate of approximately $792.45); *Cole on Behalf of Cole v. Commissioner of Social Security*, 2017 WL 2473174, at *2 (N.D.N.Y. Jun. 8, 2017) (approving an effective hourly rate of $643.49); *Schiebel v. Colvin*, No. 6:14-CV-00739, 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016) (accepting a contingency fee agreement with an effective hourly rate of $975.68); *Joslyn*, 389 F. Supp.2d at 455-56 (accepting a contingency fee agreement with an effective hourly rate of $891.61).

---

(concluding that not including paralegal fees would amount to a windfall to the plaintiff); *Roark v. Barnhart*, 221 F.Supp.2d 1020, 1026 (W.D. Mo. 2002) (declining to include paralegal time, which comprised over half of the time spent in the case, in the section 406(b) award because it had been compensated in the EAJA award).

While there is no evidence of fraud, Attorney Olinsky's representation was effective, and the fee agreement would not result in a windfall to counsel, I find that the amount now sought is unreasonable in light of the four month delay between receipt of judgment granting plaintiff's benefits and the filing of this motion.

III. SUMMARY AND ORDER

Plaintiff and her counsel, the Olinsky Law Group, entered into a contingency fee agreement under which she agreed to compensate her attorneys in the amount of twenty-five percent of past due benefits awarded to him in the event of a favorable decision. Having reviewed the pending application for approval of the payment of fees, I conclude that the amount now sought by plaintiff's counsel pursuant to that arrangement is reasonable and would not result in a windfall to counsel. Accordingly, it is hereby

ORDERED as follows:

(1) Attorney Howard D. Olinsky, Esq. is hereby awarded the sum of $25,611.50 in accordance with 42 U.S.C. § 406(b), as fees pursuant to the firm's fee agreement with plaintiff, to be paid from the amount withheld by the Acting Commissioner from the past due benefits awarded to plaintiff.

(2) Attorney Howard D. Olinsky, Esq. is hereby directed to refund to plaintiff the sum of $7,900.00 previously awarded in this matter as attorney's fees pursuant to EAJA.

*[signature]*
David E. Peebles
U.S. Magistrate Judge

Dated: November 5, 2018
Syracuse, New York